**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NORBERTO BOLARINHO**<br>**Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-227ML** |
| | : | |
| **R.I. DEPARTMENT OF CORRECTIONS**<br>**Respondent** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*.

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 15th day of June, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Norberto Bolarinho, at his last known address of P.O. Box 8200, Cranston, RI 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NORBERTO BOLARINHO**<br>**Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-227ML** |
| | : | |
| **R.I. DEPARTMENT OF CORRECTIONS**<br>**Respondent** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Rhode Island Criminal Information Number P2/01-0769A charged Noberto Bolarinho ("Petitioner", in this matter) with having committed, against fifty-two year-old Louis Martin, two counts of felony assault (G.L. 1956 (2002 Reenactment) § 11-5-2), the first "result[ing] in serious bodily injury" (§ 11-5-2(a)), the second by means of "a dangerous weapon" (*id.*), that being a "shod foot". Following an April 2002 jury-waived trial (Tr. 1-3)[1] in the Providence County Superior Court before Justice Robert Krause, Petitioner was convicted of both these offenses, and sentenced, on June 18, 2002, to concurrent twelve-year terms at the Adult Correctional Institutions, the first five years to serve, the balance suspended for a seven-year probationary period. (Tr. 120-21.)[2]

---

[1] While the referenced transcripts of the relevant Rhode Island Superior Court proceedings are not currently in the possession of the State, such materials, if required by this Court, could be ordered from the Rhode Island Records Center.

[2] In so sentencing Petitioner, Justice Krause noted Petitioner's assaultive disposition, his rather extensive criminal record, his "demonstrate[d] *** [dis]regard for the civilized norms of[] society", and his recidivist tendencies. (Tr. 119-20.) The trial justice, as well, later denied, on the basis of his assessment that Petitioner had "clear[ly] lied" when he took the stand at trial (Tr. 121), Petitioner's motion for bail pending appeal (*id.*).

Petitioner subsequently appealed his conviction to the Rhode Island Supreme Court,[3] and the Rhode Island Supreme Court, on April 14, 2004, affirmed in part and vacated in part Petitioner's conviction. State v. Bolarinho, 850 A.2d 907, 912 (R.I. 2004)("For the reasons stated herein, we vacate the defendant's conviction as to count 1, assault resulting in serious bodily injury, and affirm the defendant's conviction as to count 2, assault with a dangerous weapon."). Petitioner later returned to the Superior Court and apparently made some argument(s) as to why the Supreme Court's April 14, 2004 Decision required the Superior Court to reduce his sentence. (*Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody* at 4.) The Superior Court, in an *Order* dated March 30, 2005, denied Petitioner's sentence-reduction (and other) contentions. (Superior Court *Order* included in appended materials.) It is apparently the Superior Court's denial of this (Supreme-Court-decision-requiring-the-Superior-Court-to-reduce-sentence) contention, which forms the basis of the within 28 U.S.C. § 2254 action, in which Petitioner argues that the Superior Court, in contravention of "due process" and the "all writs act", "refused a direct order [by the Rhode Island Supreme Court] to amend my charge and sentence" (*Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody* at 6, 7).

From even a cursory reading of the Supreme Court of Rhode Island's decision in State v. Bolarinho, 850 A.2d 907 (R.I. 2004), however, it is apparent that the Supreme Court issued no order to the Superior Court "to amend [Petitioner's] charge and sentence" (*Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody* at 6, 7); rather, the Supreme Court itself "vacate[d] the [Petitioner's]

[3] The briefs filed by the parties in that action are appended to the within memorandum.

conviction as to count 1, assault resulting in serious bodily injury" (State v. Bolarinho, 850 A.2d at 912), and then merely "remanded the case to the Superior Court" (*id.*).[4] The very premise, then, of Petitioner's "due process" and "all writs act" contentions – that the Superior Court "refused a direct order [by the Rhode Island Supreme Court] to amend my charge and sentence" (*Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody* at 6, 7) – would appear to be devoid of any basis, requiring the dismissal of Petitioner's "due process" and "all writs act" contentions. Such contentions would, in any event, appear to require summary dismissal, for the further reason that 28 U.S.C. § 2254 applies to claims "ground[ed]" upon alleged federal constitutional or statutory "violation[s]" (28 U.S.C. § 2254(a)), and the violation Petitioner in this case alleges – the Rhode Island Superior Court's supposed failure to abide by an order of the Rhode Island Supreme Court – would not seem to fall within the parameters of 28 U.S.C. § 2254(a).

For the reasons advanced above, the State of Rhode Island, counsel in this matter for the Department of Corrections, would most respectfully ask that this Honorable Court dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*[5]

---

[4] Moreover, the Superior Court *Criminal Docket Sheet Report* in P2-2001-0769A indicates, at page 8, that Count 1 was indeed vacated by the Rhode Island Supreme Court.

[5] Because, as set forth above, the merits of the claims raised by Petitioner are susceptible to summary disposition, the State would note only briefly that Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* would appear to be time-barred in any event. Petitioner's judgment of conviction would appear to have become final no later than August 26, 2004, ninety days after the issuance by the Rhode Island Supreme Court of its Amended decision (which Petitioner asserts was issued "May 20th, [20]04 – May 26th, [20]04" (*Petition* at 3)) to its April 14, 2004 decision. *See* David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003). The one-year statute of limitations,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

AARON L. WEISMAN #4438
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 15th day of June, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Norberto Bolarinho, at his last known address of P.O. Box 8200, Cranston, RI 02920.

---

imposed by 28 U.S.C. § 2244(d)(1)(A), had run, then, on August 26, 2005, approximately eight and a half months before Petitioner filed his instant May 12, 2006 *Petition*. And while the one-year limitation period may have been stayed by the filing of Petitioner's March 2005 state Superior Court "habeas" action (but not the filing of the motion to reduce actions (*see* Walkowiak v. Haines, 272 F.3d 234, 237-38 (4th Cir. 2001)(Rule 35 motion to reduce actions do not qualify as "other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2)), and by the two miscellaneous actions filed by Petitioner in the Rhode Island Supreme Court, none of these three (one Superior Court, two Supreme Court) actions (which, respectively, were pending from sometime in March of 2005 until March 30, 2005 (not more than one-month), from August 5, 2005 to November 2, 2005 (slightly less than three months) and from December 19, 2005 until January 12, 2006 (less than a month)), add up to anywhere near the approximately eight and a half month figure Petitioner would need to have tolled in order for this instant action to be timely.