STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

STATE OF RHODE ISLAND :
:
*vs.* : P2/01-0769A
:
NORBERTO BOLARINHO :

## ORDER

Defendant Bolarinho was convicted after a bench trial of assault with a dangerous weapon, as well as assault resulting in serious bodily injury. Upon appeal, the Rhode Island Supreme Court held that the two crimes cannot co-exist independently without running afoul of the constitutional protection prohibiting double jeopardy. Accordingly, the conviction for assault resulting in serious bodily injury was vacated, but the Supreme Court affirmed defendant's conviction for felony assault with a dangerous weapon. State v. Bolarinho, 850 A.2d 907 (R.I. 2004).

After remand, the defendant filed a Rule 35 motion to reduce his sentence on the felony assault charge (twelve years, five years to serve, the balance suspended with probation). The Public Defender's Office withdrew from the case, and Attorney Christopher Gontarz was appointed to represent the defendant in connection with the Rule 35 motion. After a December 17, 2004 hearing, at which defendant was present with Attorney Gontarz, this Court denied the defendant's sentence reduction motion.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR 30 P 2: 30

Defendant has now filed, pro se, what he has styled as:

1. Motion to assign;
2. Motion to release counsel and appointment of new counsel;
3. Petition for writ of habeas corpus ad testificandum; and,
4. Motion for bail review.

Defendant is not entitled to a bail review hearing or, for that matter, any consideration relative to bail, as he is presently serving a term of imprisonment for a felony assault conviction that the Supreme Court has affirmed. To the extent that the defendant laments that he should be afforded bail because he was unsuccessful in his Rule 35 motion, any such suggestion is hereby summarily rejected, as a review of the Court's file is bereft of any notice of appeal in connection with this Court's denial of his Rule 35 motion.

Defendant also desires that Attorney Gontarz be jettisoned and that new counsel be appointed. Attorney Gontarz had been appointed expressly to pursue the defendant's Rule 35 motion. As no reason existed for him to continue representing this defendant after the denial of that motion, he was thereafter effectively, although not formally, relieved of any further responsibility to this defendant. To the extent that defendant wants Mr. Gontarz formally severed from this action, it is hereby so ordered.

On the other hand, however, defendant is hardly entitled to have further counsel assigned to him by this Court, and any such motion in that regard is hereby denied, as is defendant's motion for a writ of habeas corpus, as well as his "motion to assign,"

as there exists nothing of substance to assign for a hearing in Superior Court.

ENTER:

Krause, J.

Robert D. Krause
Associate Justice

BY ORDER:

Stephen m Pezza

DATED: 3-30-05

cc: Norberto Bolarinho
Stephen Regine, Assistant Attorney General
Christopher Gontarz, Esq.