UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**NOBERTO BOLARINHO**

v.                                                          C.A. No. 06 - 227 ML

**A.T. WALL**, Director of the
Rhode Island Department of
Corrections

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Norberto Bolarinho("Bolarinho" or "petitioner"), *pro se*, filed with the Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Attorney General of the State of Rhode Island, designated a party-respondent, has moved to dismiss the petition. Bolarinho has not objected. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the respondent's motion to dismiss be granted.

### Background

On September 10, 2000, at about 2 a.m., Norberto Bolarinho rode his bicycle to a home in the City of East Providence, intending to purchase cocaine from an occupant. When he arrived at the premises, the owner of the home, Francis Martin ("Martin"), ordered Bolarinho to leave, indicating to Bolarinho that he was not a welcome guest. Bolarinho, however, threw a punch and a fight ensued. Bolarhino began kicking Martin, repeatedly striking him

1

with "twirl kicks" and "chops." Although Martin attempted to strike back, he was unsuccessful, quickly falling to the ground.

As Martin lay on the ground, petitioner continued to kick him in the face, chest, back and arms. After receiving several blows, Martin managed to grab the petitioner and push Bolarinho away. Bolarinho then departed, leaving Martin on the ground, bleeding from the head, eyes, and mouth. Martin had also suffered a black eye, bruises, abrasions, and a broken wrist.

Thereafter, the state filed charges against Bolarinho. Count I charged him with assault and battery resulting in serious bodily injury and Count II charged him with assault with a dangerous weapon. Bolarinho proceeded to a non-jury trial on these charges. The trial justice found the defendant guilty on both counts and sentenced him to two concurrent terms of twelve years at the Adult Correctional Institutions, five to serve and seven suspended with probation.

Petitioner appealed his conviction to the Rhode Island Supreme Court. On April 15, 2004, the Rhode Island Supreme Court vacated the petitioner's conviction as to Count I and affirmed the petitioner's conviction as to Count II.

The petitioner then filed a motion to reduce his sentence and a motion for miscellaneous relief in the Superior Court. The motions were denied. It appears that the petitioner appealed the denial of one of these motions to the state supreme court. The

Supreme Court affirmed the trial court on November 2, 2005.

On May 12, 2006, Bolarinho filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this venue. In his petition, Bolarinho claims, as his sole basis for relief, that the Superior Court violated his due process rights because it failed to "amend [his] charge" and reduce his sentence as directed by the Rhode Island Supreme Court. See Petition Under 28 U.S.C. § 2254, Dckt # 1, p. 6. The Attorney General has moved to dismiss the petition. Bolarinho has not objected.

## Discussion

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") significantly limits the scope of federal habeas review. AEDPA precludes the granting of habeas relief to a state prisoner unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" federal law if the state court applies a legal principle different from the governing principal set forth in Supreme Court cases, or if the state court decides the case differently from a Supreme Court case on materially indistinguishable facts. Bell v. Cone, 535 U.S. 685, 694 (2002)(citing Williams v. Taylor, 529 U.S. 362, 405 (2000)).

To hold that a state court's decision is an "unreasonable application" of clearly established federal law, the federal habeas

3

court must find that "the state court correctly identifie[d] the governing legal principle from [Supreme Court] decisions but unreasonably applie[d] it to the facts of the particular case." Bell, 535 U.S. at 697. In making this determination, a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. The Court should be mindful that in order to grant habeas relief, the state court decision must be objectively unreasonable as opposed to merely incorrect. Williams, 529 U.S. at 411 ("A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."). Finally, the court's focus "is not how well reasoned the state court decision is, but whether the outcome is reasonable." Hurtado v. Tucker, 245 F.3d 7, 20 (1st Cir. 2001), cert. denied, 534 U.S. 925 (2001).

AEDPA also provides that the federal habeas court shall presume that the state court's determination of factual issues is correct and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1).

Here, petitioner does not identify which prong of the habeas statute he is seeking to proceed in this matter. Indeed, petitioner

4

does not appear to be asserting that the state court violated any federal law. Rather, petitioner only claims that the state trial court is refusing to obey an order from the state supreme court. In support of this contention, petitioner relies upon the opinion the Rhode Island Supreme Court issued in his direct appeal. See 850 A.2d 907 (R.I. 2004).

In reaching its decision on petitioner's direct appeal, the Rhode Island Supreme Court carefully scrutinized the facts and applied them to the relevant law. That tribunal ultimately concluded that petitioner's conviction on Count I could not stand and "vacate[d] the [] conviction" on that count. Id. At 912. Thus, the state supreme court itself vacated the conviction.

While petitioner's conviction on Count I was vacated, petitioner's conviction on Count II remained intact, as did the term of confinement imposed by the trial justice as a result of his conviction on Count II. See id. Thus, petitioner's claim that the state trial court is disobeying the supreme court is factually inaccurate. Id. There is nothing more left for the state trial court to do. Rather, petitioner's claim appears to rest upon his misapprehension of the relevant facts.

Accordingly, petitioner has failed to demonstrate that any state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Therefore, the respondent's motion to dismiss should be granted. I so recommend.

## Conclusion

For the reasons set forth above, I recommend that the Respondent's motion to dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 ( 1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 17, 2006
13