United States District Court
For The District of Rhode Island

| | | |
|---|---|---|
| Norberto Bolarinho<br>Petitioner<br>V.<br>R.I. Department of corrections<br>Respondent | : | C.A. 06-227 ML |

Petitioner, Norberto Bolarinho, respectfully submits a motion in opposition to state of Rhode Island's motion to dismiss "Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in state custody."

Now comes the Petitioner, Norberto Bolarinho, expressing in the accompaning memorandum, respectfully moves to dismiss the state of Rhode Island's motion to dismiss Petitioner's Petition under 28 U.S.C. § 2254 For a writ of Habeas Corpus by a person in state custody.

10/26/06

[signature] pro se'
Norberto Bolarinho
P.O. Box 8281
Cranston, R.I. 02920

# Certificate of Service

I hereby certify that on the 26th day of Oct. 06, I placed a copy of the within documents in the U.S. Mail, to the Attorney General's office 150 South main st. Prov, R.I. 02903

[signature] pro se'

United States District Court
For The District of Rhode Island

Norberto Bolarinho
Petitioner
V.
R.I. Department of corrections
Respondent

C.A. 06-227ML

Petitioner, Norberto Bolarinho's, memorandum in support of its motion in opposition of the state of Rhode Island's motion to dismiss "Petitioner's Petition under 28 U.S.C. § 2254 For a writ of Habeas Corpus by a person in state custody."

On April 10th, 02, Petitioner, Norberto Bolarinho, was convicted of two counts of "Felony Assault" (R.I.G.L. Section 11-5-2) which merges as one. The first charging me with assault resulting in serious bodily injury, the second was with a Dangerous weapon, weapon being a shod foot. Following a jury waiver, the Prov. County Superior Court Justice Robert D. Krause was the soul fact finder in case #: P2/01-0769A.

On June 18th, 02, the Petitioner, Norberto Bolarinho, was sentenced to 12yrs concurrent; 5yrs to be served at the Adult Correctional Institution (ACI), and the remaining 7yrs to be placed on probation out in society, upon my release from prison. "Instantly, I asked for an appeal."

On April 14, 04, the R.I. Supreme Court issued its decision on both counts, (850 A.2d 907-912 (R.I. 2004) - count one was vacated; assault resulting in serious bodily harm, and count two was affirmed in part; assault with a dangerous weapon, shod foot

My former Appellate Attorney, Paula Lynch from the states Public Defenders office, filed a motion to the R.I. Supreme Court's clerks office, attacking the affirmed count; count two. After consideration of the memorandoms of the parties, the motion to correct was granted in State v. Norberto Bolarinho, on a April 14, 04, decision - the affirmed count. On May 26, 04, the Order to amend was issued to both parties involved, document and filed in the R.I. Supreme Court docket listing, order enclosed in Petitioner's Petition under 28 U.S.C. 2254 For writ of Habeas Corpus by a person in State custody

Now, the final decision was entered per Order of the R.I. Supreme on May 26,04, to amend my charge and sentence on its April 14,04, decision in State v. Norberto Bolarinho. The case get remanded back to the Prov. County Superior Court Justice Robert D. Krause to rectify or vacate said case # P2/01-0769A.

The Order that was issued on May 26,04, was not reported in reporter's publishing, coincides with the reported published case law #: 880 A.2d 907-912 R.I 2004. Order enclosed with Petitioner's Petition under 28 U.S.C. § 2254 For writ of Habeas Corpus by a prisoner in state custody, devoid State of Rhode Island's contentions in its motion to dismiss Petitioner's Petition under 28 U.S.C. § 2254.

R.I.G.L. Court Rules book states: Rule 35- Correction of sentence- a mandate that is issued from the R.I. Supreme Court or U.S. Supreme Court must by amended within 120 days from the time of mandate.

On Dec. 17,04, I went before Prov. County Superior Court Justice Robert D. Krause to have my "Felony Assault" conviction amended to a Simple Assault or have it vacate, through my court appoint attorney Christopher Gontarz. The Justice issued a no on decision, mandat defied.

On March 30th, 05, Petitioner made another attempted to file various motions and was denied, despite, again, a mandate ordered and issue to be amended be the high court of R.I., defing establish law governed by the statue of congress' "all writs act" and not giving me my (both) federally constitued right of due process which coincides with Petitioners process due.

The States attorney had known and always know that the Plaintiff's injuries were his own doings. Now that there are no injures to contest or report the state's attorney is trying to mislead this Honorable Court in a prejudiced manner againsted this court and I, the Petitioner and Respondent are dealing with a misdermeanor - black-eye - in federal court when it should have remained in 6th District Court, clearly brake the rule of Judicial and professional conduct as well as being in civil content for its malicious misconduct, thanks to the R.I Supreme Court's impartial analysis.

After the Prov. County Superior Court denied my requests to have my case amended I appealed to the R.I Supreme Court.

A default judgement was ordered, for the reasons being, Petitioner didn't file my apposition to the state's attorney and the R.I. S.Ct. clerks office in regard to a Petition for Habeas Corpus, so a denial was issued on default Nov. 2nd, 05. to contest Prov. County Superior Courts defiances.

The Prov. County Superior Court also defied my federally constituted rights authorized by a statue from congress which establishes an all writs act for all courts in the United States. Any Writ issud for or against an individual or court or public official must be enforced by the people encharge of the writ. A writ is established law; therefore, it must be enforced by the "all writs act."

For the reasons asserted above, the state of R.I.'s counsel for the R.I. Department of corrections is in violation of my due Process rights and all writs act rights protected by the Constitution and statues constituted by congress and its legislatures.

The state of R.I. is clearly in devoid and futileness in its discussions and issues involved in its motion to dismiss 28 U.S.C. 2254.

In the intrest of justice, for the injustice that transpired upon me, I ask this Honorable Court to dismiss the State's motion to dismiss Petitioner's Petition under 28 U.S.C.§2254 For writ of Habeas Corpus for a person in staty custody and grant, through this Honorable Courts discretion, the relief that is fit for said Petitioner.

10/26/06

[signature] pro se'

Norberto Bolarinho
P.O. Box 8281
Cranston, R.I. 02920

Certificate of Service

I hereby certify that on the 26th day of Oct. 06 I placed a copy of the within documents in the U.S. Mail, to the Attorney General's office 150 South main st. Prov., R.I. 02903

[signature] Pro se'